## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAYRA ESTHELA ESQUIVEL-HERNANDEZ, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) Case No. CIV-26-1087-G ) |
| MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity, et al., | ) ) ) ) |
| Respondents. | ) ) |

## ORDER

Petitioner Mayra Esthela Esquivel-Hernandez, appearing through counsel, filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement. At the time the Petition was filed, Petitioner was in custody at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 2.

The undersigned has examined the Petition and ORDERS as follows:

1. **Within fourteen (14) days** of the date of this Order, Respondents shall file an answer in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Alternatively, Respondents may file a pre-answer motion.

   a. If Respondents file an answer, Petitioner may file a reply **within seven (7) days** after the date the answer was filed. *See* R. 5(e), R. Governing § 2254 Cases in U.S. Dist. Cts.

---

[1] The Court may apply the Rules governing 28 U.S.C. § 2254 cases to habeas petitions arising under 28 U.S.C. § 2241. *See* R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Cts.; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005).

   b. If Respondents file a motion, Petitioner may file a response **within ten (10) days after the date** the motion was filed.  *See* LCvR 7.1(g).

2. The Petition alleges that Petitioner is confined within the territorial jurisdiction of the Western District of Oklahoma.  So that counsel may have knowledge of Petitioner's whereabouts and maintain the ability to communicate with Petitioner:

   a. Respondents shall file written notice at least seventy-two hours before any instance of removing, transferring, relocating, or otherwise moving Petitioner, regardless of whether the new location is within the territorial jurisdiction of the Western District of Oklahoma.

   b. If Respondents contest that Petitioner is presently being held within the territorial jurisdiction of the Western District of Oklahoma, they shall file a written notice stating the name and location of the facility in which Petitioner is confined.  Such notice shall be provided promptly after Respondents become aware of Petitioner's location.

3. Respondents shall file written notice of any event or determination in Petitioner's ongoing proceedings before the Immigration Court that may impact the disposition of the Petition, e.g.: (1) an Immigration Judge orders Petitioner removed or grants voluntary departure; (2) Petitioner's removal order becomes final; or (3) Petitioner is scheduled on a removal flight.  Respondents shall continue to update the Court throughout the pendency of this matter.

4. In accordance with the agreement between the Clerk of Court and the United States Attorney for the Western District of Oklahoma, the Clerk of Court is directed to send copies of the Petition and this Order via email to the United States Attorney for the Western District of Oklahoma for acceptance on behalf of Respondents.

5. The Clerk of Court is further directed not to issue summonses.  *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts.

IT IS SO ORDERED this 5th day of Junes, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

2